# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BRENDA S. MURPHY**  **PLAINTIFF**

**V.**  **CIVIL ACTION NO. 2:19-cv-143-KS-MTP**

**PINE BELT FEDERAL CREDIT UNION**
**and BOBBY GREEN**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [6] filed by the Defendants, Pine Belt Credit Union and Bobby Green. Plaintiff has responded [9, 10], and no further briefing is necessary for the Court to rule. Having reviewed the parties' submissions and the relevant case law, and otherwise being duly advised in the premises, the Court finds the motion is well taken and will be granted.

## I. BACKGROUND

On September 24, 2019, Plaintiff, a former loan officer for Pine Belt Federal Credit Union, filed a form Complaint for a Civil Case, and alleged that this Court's jurisdiction was based on a federal question. [1] at Sec. II. Plaintiff further alleged that the basis for federal question jurisdiction was Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA").[1] Plaintiff alleges that she was passed over for promotions and that Defendants Green harassed her and has on a few occasions tried to get her fired. [1]; [1-2]. She also claims retaliation. Plaintiff seeks $500,000 and punitive damages.

Plaintiff acknowledged in her EEOC Charge of Discrimination that Pine Belt Federal Credit Union's total work force (between the Hattiesburg and New Augusta offices) was

---
[1] The Complaint states "Employment Act of 1967," but the EEOC complaint clarifies that there is an allegation of age discrimination.

"approximately six or seven employees." [1-2] at p. 1. Defendants now seek dismissal, or alternatively summary judgment, on the grounds that there is no coverage or jurisdiction under either Title VII or the ADEA because Pine Belt Federal Credit Union does not employee enough workers to be subject to either and that neither Title VII nor the ADEA provide a basis for individual liability. Plaintiff has submitted the affidavit of Bobby Green, who was the CEO and President of Pine Belt Federal Credit Union. [6-2] at ¶ 2. Mr. Green avers that at the time Plaintiff was terminated from her employment at the credit union, it employed seven employees, including Plaintiff, and at no time has Pine Belt Federal Credit Union employed more than seven (7) employees. *Id.* at ¶ 3.

## II. DISCUSSION

Defendants have filed their motions based on Federal Rules of Civil Procedure 12(b)(1) and Rule 12(c). As explained below, whether the Court views the motion as one for dismissal based on lack of subject matter jurisdiction or summary judgment, the relief sought must be granted.

### A. Applicable Standard

As for the grounds under 12(c), ruling on a Rule 12(c) motion is the same as ruling on a 12(b)(6) motion for failure to state a claim. *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 210, 209-210 (5th Cir. 2010). To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, which if accepted as true, would state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Simple recitals of the elements of a cause of action or mere conclusory statements are not sufficient. *See Peria v. City of Rio Grande City*, 879 F. 3d 613, 618 (5th Cir. 2018) (originally quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Defendants also move for dismissal for lack of subject matter jurisdiction under Rule 12(b)1). Before addressing the sufficiency of the claims, the Court must consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). When considering a motion to dismiss, the Court is entitled to consider any exhibits attached to the Complaint. *See Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

Defendants move, alternatively under Rule 56 for a summary judgment, and have submitted an affidavit in support thereof. If, on a motion under Rule 12(c), a party presents matters outside of the pleadings for the court's consideration, and such is not excluded, the motion must be treated as one for summary judgment, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *See* Fed. R. Civ. P. 12(d). Defendants have submitted an affidavit, which falls outside of the pleadings, the Court has not excluded such, and Plaintiff has been given an opportunity to submit any information that would rebut the facts of the affidavit. As such, the motion shall be treated as one for summary judgment.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." *Am. Gen. Life Ins. Co. v. Hannah*, No. 1:12-cv-00087, 2014 WL 1413540 at *9 (N.D. Miss. Apr. 11, 2014) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)); Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing there is no genuine issue for trial. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992) (quoting *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 301 (5th Cir. 1990)). If the moving party meets this burden, the nonmoving

3

party who will have the burden of proof at trial must come forward with summary judgment evidence establishing the existence of a genuine issue; that evidence must be such that if introduced at trial it would suffice to prevent a directed verdict against the nonmovant. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321 (1986). "Summary judgment is mandatory against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Fife v. Vicksburg Healthcare, LLC*, 945 F. Supp. 2d 721, 729 (S.D. Miss. 2013) (internal quotations omitted) (quoting *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011)).

**B. Analysis**

In this action, Plaintiff alleges violations of Title VII and the ADEA. Pine Belt Federal Credit Union argues it does not have a sufficient number of employees to be subject to either Act, and Mr. Green argues, that as Plaintiff's manager and/or supervisor, and not her "employer," he has no personal liability under either Act.

**1. Relevant Law and Analysis on Title VII Claims.**

There is no dispute that Plaintiff served as a loan officer for Pine Belt Federal Credit Union, and thus, the credit union was Plaintiff's employer. For an employer to be subject to liability under Title VII, the employer must employ "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. §2000e(b). Thus, it is axiomatic that, where an employer does not employee fifteen or more employees, the court lacks subject matter on a claim asserted under Title VII. *Greenlees v. Eidenmuller Enters., Inc.*, 32 F.3d 197, 198 (5th Cir. 1994). Plaintiff's own pleadings show that Pine Belt Federal Credit Union employed only six or seven employees. Thus, under Rule 12(b)(1), the Court lacks subject matter jurisdiction.

4

In addition, and alternatively, Defendants have submitted the affidavit of Bobby Green that establishes that the credit union at no time employed more than seven (7) employees. [6-2]. Plaintiff has submitted no information whatsoever, much less summary judgment evidence that would raise a genuine issue of material fact as to the number of employees Pine Belt Federal Credit Union has.[2] Thus, summary judgment on the Title VII claim against Pine Belt Federal Credit Union is warranted as well.

As for the individual liability of Defendant Bobby Green, it has long been established that individuals are not liable under Title VII in either their individual or official capacities. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002). Based on Plaintiff's pleadings and the affidavit of Green, there is no dispute that he was not Plaintiff's employer but rather her manager/supervisor. Thus, the dismissal and summary judgment is warranted on the Title VII claims against Bobby Green.

Plaintiff urges that she wants her case heard in a court of law, and that she has proof of the actions taken against her. Plaintiff must understand that this ruling is not a determination that such actions did not occur or that Plaintiff does not have proof of what occurred, the sole issue here is whether, as a matter of law, Pine Belt Federal Credit Union and Bobby Green can even be held liable under Title VII, which is one of the bases upon which Plaintiff seeks relief. The law states that they cannot, and Plaintiff has not submitted any evidence or argument that would change the facts to which the law applies. Similarly, Plaintiff argues that retaliation on an employee should be protected regardless of the number of employees. However, that is not the law.[3]

---

[2] Given Plaintiff's pro se status, the Court would likely have considered any information that Plaintiff may have had regardless of the form of the evidence, even if contrary to her allegations, but Plaintiff mentioned none.

[3] Plaintiff also argues that the credit union should be held liable for all behaviors of supervisory employees (Bobby Green), as should the employees for their own behaviors. [9] at p. 2. Unfortunately for Plaintiff, the law is simply not that simple, particularly under Title VII and the ADEA.

Based on the foregoing, the Title VII claims (both discrimination and retaliation) are due to be dismissed.

### 2. Relevant Law and Analysis on the ADEA Claims.

As Defendants point out, like Title VII, the ADEA requires a minimum number of employees for an employer to be subject to the Act. "To qualify as an employer for purposes of federal subject matter jurisdiction under the ADEA, the employer must have twenty, rather than fifteen, employees." *Greenlees*, 32 F.3d at 199; 29 U.S.C. §630(b). As established with the Title VII claims, the pleadings and evidence shows that it is undisputed that at all times relevant, Pine Belt Federal Credit Union employed only seven (7) employees. Therefore, Pine Belt Federal Credit Union is not a covered employer. Consequently, subject matter jurisdiction is lacking, and for the same reasons set forth above, summary judgment is also warranted as there is no genuine issue of material fact as to the number of employees at Pine Belt Federal Credit Union. Thus, Plaintiff's discrimination and retaliation claims against Pine Belt Federal Credit Union on the ADEA claims are due to be dismissed.

Finally, as to the ADEA claims against Bobby Green, like Title VII, it has long been established that "the ADEA provides no basis for individual liability for supervisory employees." *Medina v. Ramsey Steel Co*., 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). The pleadings and the affidavit submitted establish that Bobby Green was nothing more than Plaintiff's supervisor and employed by the credit union in a supervisory position. Thus, Plaintiff's discrimination and retaliation claims are to be dismissed.

## III. CONCLUSION

Based on clearly established law, and for the reasons stated herein, the Court finds that it lacks subject matter jurisdiction, and the Defendants are entitled to judgment as a matter of law.

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [6] is GRANTED. Defendants are entitled to a judgment and dismissal with prejudice of all claims against both Defendants under both Title VII and the ADEA. Pursuant to Federal Rule of Civil Procedure 58 a separate judgment will be entered contemporaneously herewith, and this case will be closed.

SO ORDERED AND ADJUDGED this 25th day of November 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE